UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

**ENTERED**

January 22, 2016

David J. Bradley, Clerk

| | | |
|---|---|---|
| Bruce D. Hendrix, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | Civil Action H-14-267 |
| | § | |
| Homeward Residential, Inc., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## Opinion on Summary Judgment

1.  *Introduction.*

A married homeowner died without a will. He is survived by children from an earlier marriage. Despite his children inheriting one-half of the property, when his widow was alive she sold the whole property to her daughter. The daughter mortgaged it and then defaulted on it. The lender may foreclose, but it must pay each owner of an unencumbered interest their share of the sale.[1]

2.  *Background.*

Charles and Betty Jones owned 4515 Harvey Road, Crosby, Texas. In 2002, Charles died without a will. He had six children from earlier marriages, and Betty had eight. They had no children together. At his death, his children each inherited a one-twelfth interest in the property, Betty retained her one-half interest. In 2005, Betty sold the whole property to her daughter, Jennie Simmons.

In 2006, Simmons borrowed $88,800 and pledged the property as collateral. Betty and she falsely swore to the bank that Simmons was Charles's only heir and that she was sole owner of the property. Simmons and Betty both died in 2008. Simmons left two minor children. Shortly after her death, her estate stopped paying the mortgage.

---

[1] An appendix depicts the ownership of the property.

Bruce D. Hendrix is Betty's son from an earlier marriage. He is not Charles's heir. He has been living in the property since Simmons's death without paying insurance or the mortgage. In 2009, one of Charles's six children – Michael D. Jones – assigned his one-twelfth interest in the property to Hendrix.

In 2010, Simmons's two children – through their guardians – assigned their one-half interest in the property to Hendrix. Since 2010, Hendrix has owned seven-twelfths of the property. The remaining five-twelfths is owned by Charles's five children from earlier marriages. They are not parties.

In January of 2013, the bank tried to foreclose. In January of 2014, Hendrix sued Homeward Residential, Inc., U.S. Bank National Association, and Ocwen Loan Servicing, LLC. The banks removed the case in February of 2014.

For more than five years, Hendrix has been living in a partially encumbered property without paying. Even with his recently acquired seven-twelfth interest, he owes the remaining Jones children the value of his occupancy.

3.   *Fraud.*

Hendrix nakedly asserts that Homeward defrauded him. He parrots the elements of fraud but no facts. Homeward has never had anything to do with Hendrix. It administered the amount owed by his deceased step-sister. It did not mislead her, much less him. In fact, his sister and mother defrauded the bank. They told it that Simmons was Charles's only heir and that Simmons was the sole owner of the property – when they clearly knew of the distinct parentage, that she was not Charles's heir, and that the property was partially owned by her step-siblings.

4.   *Constructive Trust and Civil Conspiracy.*

Hendrix says that the court should give him a free house because Homeward and Simmons conspired to take the unencumbered one-twelfth interest that he was assigned by Charles's son, Michael Jones. In Texas, a constructive trust is an equitable remedy to prevent unjust enrichment. When a person has property that he may not in good conscience keep, equity converts the holder into a trustee. As a discretionary remedy, it varies in form.[2]

---

[2] *Simmons v. Wilson*, 216 S.W.2d 847, 849–50 (Tex. Civ. App. 1949).

Equity does not require robbing the bank to enrich Hendrix. Simmons and her mother swore to the bank that she was Charles's only heir. Neighbors – who knew very little – also told the bank that Simmons was his only heir. The bank first learned of this problem when it tried to foreclose in 2009.

5.    *Quiet Title.*

When Charles died intestate and was survived by six children from earlier marriages, they inherited one-half of his property.[3] His wife, Betty, retained the other one-half. Her children would have equally inherited her interest upon her death, but she had sold it to Simmons. After Simmons died, her two children inherited that one-half.

Hendrix now owns seven-twelfths of Harvey Road. Charles's son, Michael Jones, assigned him his one-twelfth interest, and Simmons's children assigned him their one-half interest. The one-half interest from Simmons's children is encumbered by their mother's mortgage. The bank may foreclose because it has superior title to that one-half of the property.

Hendrix says that the bank's deed of trust and lien is invalid because Simmons did not own all of the property. Simmons's heirs – Hendrix by assignment – cannot escape their mother's mortgage by telling the bank about Charles's children – a fact that Simmons concealed when she borrowed the money.

The bank has a valid lien on the one-half of the property from Simmons. She has, however, encumbered the one-half owned by Charles's heirs. Simmons could only pledge the property that she owned. Charles's one-half interest devolved to his heirs.

The bank concedes that Simmons did not own all of the property. It says that it is nevertheless protected from claims by Charles's heirs because it researched whether she owned the property and found nothing about Charles's children. Because it acted in good faith, it says that its lien may attach to the entire property.

The bank has to do more than find uninformed neighbors willing to sign a form affidavit. It likewise cannot rely on a self-interested declaration by the borrower that she is the only owner of the property. If the bank is right, Simmons and her mother could steal one-half of the property from Charles. A step-sibling cannot unilaterally disinherit her step-brothers by tricking an unwitting lender. The bank has not produced evidence of its diligence that would warrant the strong protections of a *bona fide* mortgagee.[4]

---

[3] Texas Estates Code § 201.003 (c) (2012).

[4] Hahn v. Love, 321 S.W.3d 517, 527 (Tex. App. - Houston 2009).

After the bank forecloses, it must pay Hendrix one-twelfth of what it receives from the sale – less his proportional share of the costs to sell the property. It must also hold five-twelfths of the net proceeds in a trust for Charles's heirs to claim.

6.      *Conclusion.*

Once the tangled parentage, deaths, and transfers have been resolved, the answer is clear. This case is a title dispute, not a case about fraud, conspiracy, or unjust enrichment. A bank inadvertently lent to a borrower because it thought she owned all of what she pledged as collateral. She did not. It may foreclose, but it must reimburse Hendrix for the unencumbered one-twelfth interest he was assigned by Charles's heir, Michael Jones.

Signed on January 22, 2016, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

